IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **BILLY EDWARD SEDBERRY**<br>*Petitioner,* | § § § | |
| -v- | § § | 6:16-CR-317-ADA |
| **UNITED STATES OF AMERICA,**<br>*Respondent.* | § § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Bill Edward Sedberry's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 811. The Government filed a Response. ECF No. 814. The Defendant did not file a Reply. After reviewing Petitioner's Motion, the Government's Response, and the applicable law, the Court **DENIES** the Motion for the reasons stated below.

### I. BACKGROUND

On December 23, 2016, Petitioner was charge by a grand jury with Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine. ECF No. 814 at 1. He was later charged with the same offense in a superseding indictment on March 14, 2017. *Id.* Petitioner was arrested in December of 2016 and was detained. *Id.* He entered a plea of guilty on May 2, 2017. Id. He was sentenced on September 15, 2017, to 180 months imprisonment, four years supervised release, and a $100 special assessment. *Id.*

Petitioner filed a notice of appeal on October 26, 2018. ECF No. 739. On May 31, 2019, the Fifth Circuit Court of Appeals granted the Government's motion to dismiss the appeal. ECF No. 760. On October 8, 2020, the Fifth Circuit Court of Appeals denied Petitioner's writ of

certiorari. ECF No. 799. Petitioner then filed the present motion on September 17, 2021. ECF No. 811.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice resulting from the error.'" *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, then the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). As the Supreme Court has explained, the reason for these rules is that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

## III. DISCUSSION

Petitioner asserts two grounds for granting his § 2255 Motion. First, he argues that the District Court abused its discretion when it committed procedural error by miscalculating the drug quantity offense level. ECF No. 811 at 2–3. Second, he argues that the District Court violated his Sixth Amendment right to a jury trial by finding a fact that he was charged with but did not admit

to. *Id.* at 12. This Court will not reach the merits of Petitioner's Motion because it is procedurally barred.

Petitioner's § 2255 Motion is procedurally barred because he already raised these claims in his appeal to the Fifth Circuit. Precedent makes clear that claims under 28 U.S.C. § 2255 are reserved for "for transgressions of constitutional rights…that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). A district court may dismiss a petitioner's § 2255 motion if it asserts claims that were previously decided on appeal. *U.S. v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004). Here, Petitioner asserted these same grounds in his direct appeal to the Fifth Circuit. ECF No. 739 at 3. Thus, under Fifth Circuit law, Petitioner's Motion is procedurally barred, and he is not entitled to relief under 28 U.S.C. § 2255.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion (ECF No. 811) is **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the

petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id*. Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that Petitioner Billy Edward Sedberry's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 811) is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions related to Petitioner's § 2255 Motion, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**.

It is so **ORDERED**.

SIGNED this 14th day of April, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE